UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21009-CR-GOLD/BANDSTRA

UNITED STATES OF AMERICA,

vs.

ORLIN DIMITROV ANGELOV,
a/k/a "Valeri Angueloff,"

    Defendant.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant's Request to Reopen Suppression Hearing (D.E. 48) filed on June 17, 2008. On June 23, 2008, this motion was referred to the undersigned for appropriate proceedings by the Honorable Alan S. Gold pursuant to 28 U.S.C. §636(b). Reviewing this motion, the government's opposition thereto, the evidence received at the suppression hearing conducted by the undersigned on February 19, 2008, and appropriate law, the undersigned recommends that this request to reopen the suppression hearing be DENIED.

## RELEVANT PROCEDURAL HISTORY

On February 14, 2008, defendant filed his Amended Motion to Suppress Evidence (D.E. 23) seeking to suppress all items found on his person, including an alien registration card and social security card, on the grounds that these documents were seized from him during a warrantless search and illegal arrest.

On February 19, 2008, the undersigned conducted an evidentiary hearing on defendant's motion to suppress, and heard testimony from Officer Smith Orisme, the Miami Beach police officer who initially encountered defendant and obtained the subject documents from him, Sergeant Gary Kluger, the officer who investigated a disturbance involving defendant outside the Miami Beach Convention Center, and defendant, Orlin Dimitrov Angelov. See Report and Recommendation dated February 22, 2008 (D.E. 30). Essentially, the undersigned found that Officer Orisme, while working alone, found defendant near a loading dock of the convention center, walked up to him, identified himself as a police officer, and asked defendant for identification to confirm his name. Defendant responded by producing the subject documents prior to any arrest or "seizure" by the police officer. Officer Orisme was the only officer present during this initial encounter, and no other officers or agents witnessed these events. The undersigned concluded, under the circumstances, that defendant was not threatened, coerced, or otherwise forced to produce the subject identification documents so that his constitutional rights were not violated by the brief stop under Terry v. Ohio, 397 U.S. 1 (1968), and other cited authority.

On February 25, 2008, Thomas W. Austin, Esq., defendant's retained counsel, moved to withdraw as defendant's attorney citing irreconcilable differences, a fear for his safety should he meet with defendant at the Federal Detention Center, and a threatened lawsuit against him by defendant's wife. On March 20, 2008, this Court conducted a hearing on defense counsel's motion to withdraw (and defendant's pro se motion for appointment of counsel) and thereafter appointed the Federal Public Defender to

represent defendant in this case. APD Paul Korchin was assigned to the case.

On June 17, 2008, defendant, through newly appointed counsel, filed the instant request to reopen the suppression hearing in order to hear testimony of additional witnesses who "may" have information relevant to issues involved in the motion to suppress.

## ANALYSIS

Defendant seeks to reopen the suppression hearing to call as many as four additional witnesses who "might" have testimony relevant to the encounter between Officer Orisme and defendant which resulted in the obtaining of his identification documents. Specifically, defendant now seeks to call (1) Sergeant Feldman, the Miami Beach police officer who arrived at the scene after Officer Orisme had approached defendant and obtained his identification documents; (2) Officer Hector Hernandez who also arrived after Orisme's initial encounter with defendant; (3) Senior Patrol Officer Samantha P. Williams, United States Border Patrol, who wrote a report stating that Officer Orisme first handcuffed defendant and then removed his wallet from his back pocket; and (4) Senior Border Patrol Agent Thomas Hicks who testified to the initial complaint affidavit. Defendant suggests that each of these persons "may be able to shed further light on the nature of the encounter" between defendant and Officer Orisme. Defendant offers no explanation for why these potential witnesses were not called by defendant at the suppression hearing or any authority for reopening the hearing at this time.

The United States objects to defendant's request on several grounds. First, the

government argues that none of the four prospective witnesses have "percipient" knowledge relevant to the motion to suppress because none were present on the scene until after Officer Orisme's initial encounter with defendant and the obtaining of his identification documents. Second, the government argues that defendant had a full opportunity to subpoena these witnesses at the suppression hearing and chose not to do so for reasons not explained in the instant request to reopen. Thus, defendant presents "no reason why the court should allow him another bite at the apple." Govt.'s response, pg. 2.

Reviewing the matter, the undersigned recommends denial of defendant's request to reopen the suppression hearing for further testimony. Clearly, none of the four prospective witnesses was an eye witness to relevant events so that they have no personal information relating to Officer Orisme's obtaining identification documents from defendant. Even defense counsel concedes that these witnesses "may" (or may not) shed light on the constitutional issues raised in the motion. Moreover, defendant had the opportunity to subpoena these witnesses, or any others of his choice, to offer testimony at the suppression hearing. Defendant elected not to call any witnesses other than himself and waited until after the findings and recommendations of the undersigned to request the reopening of this hearing for additional testimony. Finally, defendant appears to place blame for the decision to not to call these witnesses on his prior counsel without offering any authority for reopening the hearing on that basis or for requiring the government to respond to additional witnesses at this time.

## SUMMARY

For all of the foregoing reasons, the undersigned recommends that Defendant's Request to Reopen [the] Suppression Hearing (D.E. 48) be DENIED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable Alan S. Gold, United States District Judge, within ten (10) days of receipt. See 28 U.S.C. §636(b)(1)( c); *United States v. Warren*, 687 F.2d 347 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983); and *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir. Unit B 1982); see also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh. denied*, 474 U.S. 1111 (1986).

RESPECTFULLY SUBMITTED in Miami, Florida, this 9 day of July, 2008.

_____
Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:

Honorable Alan S. Gold
All counsel of record