UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  07-21009-CR-GOLD/BANDSTRA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ORLIN DIMITROV ANGELOV,

    Defendant.
_____/

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant Orlin Dimitrov Angelov's Amended Motion to Suppress Evidence (D.E. 23) filed on February 14, 2008. Previously, this motion was referred to the undersigned by the Honorable Alan S. Gold for appropriate proceedings. On February 19, 2008, the undersigned conducted an evidentiary hearing on this motion and thereafter issued a Report and Recommendation (D.E. 30) recommending that defendant's Motion to Suppress be denied.

On June 7, 2008, defendant, through another attorney, requested that the suppression hearing be reopened to allow additional witnesses to be called in support of his motion. Following a second Order of Reference for supplemental proceedings, the undersigned conducted a further evidentiary hearing on September 11, 2008, and heard the testimony of two additional witnesses. Following full review of all of the evidence and applicable law, the undersigned now recommends that defendant's Amended Motion to Suppress Evidence be GRANTED for reasons explained below.

## ADDITIONAL FACTS[1]

On December 7, 2007, defendant was arrested by federal immigration officers outside of the Miami Beach Convention Center after it was determined that he was in possession of false or fraudulent identification documents including a "green card" bearing two different dates of birth. Officer Smith Orisme previously testified, at the first suppression hearing conducted on February 19, 2008, that he first saw defendant a few minutes after hearing a "BOLO" for a person fitting defendant's description outside of the convention center. Officer Orisme testified that he then walked up to defendant, identified himself as a police officer, and asked defendant his name. Thereafter, defendant voluntarily handed over identification documents including the subject "green card" before he had been detained, handcuffed, or otherwise restrained by the officer.

On September 11, 2008, Agent Samantha Williams, the case agent in this case, testified and offered conflicting testimony concerning Officer Orisme's initial encounter with defendant. Specifically, Agent Williams testified, from notes she took during an interview with Officer Orisme a day or two after defendant's arrest, that Officer Orisme reported to her that he confronted defendant near the loading dock of the convention center, immediately hand-cuffed him for officer safety, asked him for his identification, and then removed defendant's wallet from his back pocket and retrieved the subject resident alien card.

---

[1] These additional facts are based on the testimony of Samantha P. Williams, United States Border Patrol, who did not testify at the original suppression hearing.

## **ANALYSIS**

The testimony of Officer Orisme and Agent Williams conflicts with respect to the acquisition of defendant's alien registration document ("green card"), the critical evidence in this case. Officer Orisme, as previously found, recalled asking defendant for his identification prior to placing him in handcuffs or otherwise restraining him. Officer Orisme testified that defendant then voluntarily produced his identification without incident. Agent Williams testified, she interviewed Officer Orisme, a day or two after defendant's arrest, and that the officer reported that defendant was immediately handcuffed "for officer safety" after which the officer retrieved defendant's "green card" from a wallet in his back pocket. While Officer Orisme, on cross-examination, denied that he reported this to Agent Williams, he nevertheless agreed that his recollections of the events were most likely better just after defendant's arrest - - almost two months before the suppression hearing.

The resolution of this conflicting testimony, from witnesses produced by the government, is critical to the outcome of defendant's motion to suppress. On the one hand, should the Court find that defendant was not detained or handcuffed by Officer Orisme prior to voluntarily providing the subject immigration document, then defendant's motion should be denied as previously recommended pursuant to *Florida v. Bostick*, 501 U.S. 429 (1991). See Report and Recommendation dated February 22, 2008 (D.E. 30), pgs. 4-6. Conversely, should the Court now find, based on the arrest report and testimony of Agent Williams, that defendant was immediately detained and handcuffed by the officer who thereafter retrieved defendant's

identification documents from his wallet, without his consent or other applicable exception, the Court would undoubtedly conclude that defendant was seized and searched without a warrant or applicable exception in violation of his rights under the Fourth Amendment.  See *Terry v. Ohio*, 392 U.S. 1 (1968).

Unfortunately, the conflicting testimony of these witnesses called by the government is not readily resolvable.  Both witnesses testified credibly before the undersigned and without hesitation as to the events leading up to the obtaining of the defendant's identification documents.  While the undersigned initially accepted the testimony of Officer Orisme without question, his account of events is now contradicted in significant respects by the written notes and testimony of Agent Williams.  As noted, both witnesses were produced by the government which offers no sound rationale to discredit either witness.

Under these circumstances, and without any basis to resolve this conflict in testimony, the undersigned now finds that the government has not met its burden of proof to establish a lawful seizure of defendant's documents. Generally, a defendant contending that a search violated his Fourth Amendment rights must demonstrate that the search was illegal and that he had a legitimate expectation of privacy in the property searched. *Rawlings v. Kentucky*, 448 U.S. 98, 104 (1980).  Nevertheless, "[u]pon a motion to suppress evidence garnished through a *warrantless search and seizure*, the burden of proof as to the reasonableness of the search rests with the prosecution." *United States v. Freire*, 710 F.2d 1515, 1519 (11th Cir. 1983), *cert. denied*, 465 U.S. 1023 (1984); *see also United States v. Waldrop*, 404 F.3d 365, 368

4

(5th Cir. 2005) ("A defendant normally bears the burden of proving by a preponderance of the evidence that the challenged search or seizure was unconstitutional. However, where a police officer acts without a warrant, the government bears the burden of proving that the search was valid"). Once a defendant demonstrates that the warrantless search of his person implicated his Fourth Amendment rights, as done here, the burden shifts to the government to show that an exception to the warrant requirement applies.

In this case, the government has failed to met its burden of establishing an exception to the warrant requirement. Specifically, the undersigned finds that the government has failed to show that defendant voluntarily produced the subject immigration document or consented to a search of his person without a warrant. Furthermore, the government has failed to establish any other exception to the Fourth Amendment warrant requirement including a search incident to an arrest for trespassing under state law. While the government makes this argument, it offers no explanation of the requirements for such an arrest, the facts supporting an arrest for such an offense, or otherwise establishing that exception to the warrant requirement.

## SUMMARY AND RECOMMENDATION

Following further presentation of evidence and in consideration of additional memoranda of law filed by the parties, the undersigned now finds that the government has failed to establish that defendant voluntarily produced his identification documents or that he was searched pursuant to an applicable exception to the search

warrant requirement of the Fourth Amendment. Accordingly, the undersigned recommends that defendant's Amended Motion to Suppress Evidence (D.E. 23) be GRANTED.

The parties may serve and file written objections to this Report and Recommendation with the Honorable Alan S. Gold, United States District Judge, within ten (10) days of receipt. *See* 28 U.S.C. § 636(b)(1)(c); *United States v. Warren*, 687 F.2d 347 (11th Cir. 1982); *cert. denied*, 460 U.S. 1087 (1983); *Hardin v. Wainwright*, 678 F.2d 589 (5th Cir. Unit B 1982); *see also Thomas v. Arn.*, 474 U.S. 140 (1985), reh. denied, 474 U.S. 1111 (1986)

**RESPECTFULLY SUBMITTED** this ͟14th͟ day of October, 2008 in Miami, Florida.

Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:
Honorable Alan S. Gold
All counsel of records